UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAROY DIGGS,<br><br>    Petitioner,<br><br>    v.<br><br>PATTON STATE HOSPITAL,<br><br>    Respondent. | Case No. 22-cv-07007-VC<br><br>**ORDER TO SHOW CAUSE** |

    Petitioner Michael LaRoy Diggs filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Diggs stated that one of his four claims was unexhausted. The court provided Diggs with different ways to proceed. Diggs elected to dismiss the unexhausted claim and go forward in this action with the remaining exhausted claims. Dkt. No. 14 at 2. His unexhausted claim is therefore dismissed. Diggs raises three exhausted claims regarding the state court denial of his petition to be released from the state hospital. He argues that: (1) his equal protection rights were violated because other similarly situated prisoners were released; (2) his due process rights were violated because he was required to engage in a substance abuse treatment program that was closed due to the pandemic; and (3) the term "dangerous to the health and safety of others" that was used to deny his petition is unconstitutionally vague. It does not appear from the face of the petition that these claims are clearly without merit. Good cause appearing, the court hereby issues the following orders:

    1.    The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk also shall serve by mail a copy of this order on Diggs.

    2.    No later than sixty days from the date of this Order, the respondent shall file with

this court and serve upon Diggs an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to the remaining three claims. The respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of those claims. If Diggs wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on the respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

4. No later than sixty days from the date of this Order, the respondent may file with this court and serve upon Diggs a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If the respondent files such a motion, Diggs shall file with the court and serve on the respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and the respondent shall file with the court and serve on Diggs a reply within fourteen days of receipt of an opposition.

5. It is Diggs' responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. He also must serve on the respondent's counsel all communications with the court by mailing a true copy of the document to the respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: August 18, 2023

_____
VINCE CHHABRIA
United States District Judge